IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VERNON JAMES HILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 05-CV-161-TCK-PJC |
| ) | |
| LENORA JORDAN, Warden; ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF OKLAHOMA, ) | |
| ) | |
| Respondents. ) | |

## OPINION AND ORDER

Before the Court is the petition for a writ of habeas corpus (Dkt. # 1) filed by Petitioner, a state inmate appearing *pro se*. Respondent Jordan filed a response (Dkt. # 8), and has provided the state court records (Dkt. # 9) necessary for adjudication of Petitioner's claims. Petitioner did not file a reply. For the reasons discussed below, the Court finds the petition should be denied.

As a preliminary matter, the Court notes that in response to the petition, see Dkt. # 6, Respondent Jordan asserts that Attorney General of the State of Oklahoma is not a proper party. The Court agrees and finds that the Attorney General shall be dismissed as a party Respondent.

### *BACKGROUND*

On November 19, 2002, police officers for the City of Tulsa executed a search warrant at 602 East Young Street, Tulsa, Oklahoma, the residence of Travette Speed. Petitioner Vernon James Hill was present at the residence. The first officer to enter the residence, Officer Wallace, saw Petitioner throw a clear plastic baggie to the ground as he came toward the Officer from the kitchen. Officer Guardiola also assisted in execution of the search warrant and observed the baggie, containing a tannish rock substance, about two (2) feet from Petitioner. Officer Ludwig saw Officer Guardiola pick up the baggie. The substance in the baggie field tested positive for cocaine. The forensic

chemist for the Tulsa Police Department confirmed that the substance in the baggie was cocaine in its free base form and weighed 0.25 grams. Officers also recovered a baggie of marijuana and additional crack cocaine from what appeared to be Ms. Speed's bedroom.

As a result of these events, Petitioner was arrested and charged with Unlawful Possession of a Controlled Drug (Cocaine) and Unlawful Possession of Marijuana, both After Former Conviction of Two or More Felonies, in Tulsa County District Court, Case No. CF-2002-5955. The charge of Unlawful Possession of Marijuana was dismissed on April 21, 2003. On April 22-23, 2003, Petitioner was found by a jury to be guilty of Unlawful Possession of a Controlled Drug (Cocaine). At the conclusion of the second stage sentencing proceeding, the jury recommended that Petitioner be sentenced to twelve (12) years imprisonment and a $2,000 fine. On May 1, 2003, the trial court sentenced Petitioner in accordance with the jury's recommendation. Petitioner was represented during trial proceedings by attorneys Cori Grayson and Shena Burgess.

Petitioner appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, he was represented by attorney Paula J. Alfred. In his brief on appeal, he raised five (5) propositions of error as follows:

Proposition 1: The trial court erred by submitting an alternative theory of guilt which was legally infirm.

Proposition 2: The prosecution failed to establish a reliable chain of custody sufficient to warrant admission of evidence.

Proposition 3: The prosecutor exceeded the bounds of fair argument to the appellant's prejudice.

Proposition 4: The trial court erred by permitting the state to offer aggravating evidence to the jury in a non-capital case.

Proposition 5: Cumulative error.

(Dkt. # 8, Ex. 1). In an unpublished summary opinion, filed June 22, 2004, in Case No. F-2003-517, see Dkt. # 8, Ex. 3, the OCCA rejected each proposition of error and affirmed the Judgment and Sentence of the trial court. Petitioner did not seek post-conviction relief in the state courts.

Petitioner filed the instant habeas corpus petition on March 23, 2005 (Dkt. # 1). In his petition, Petitioner raises three (3) grounds of error, as follows:

Ground 1:   The trial court erred by submitting an alternative theory of guilt that was legally infirm.

Ground 2:   The prosecutor exceeded the bounds of fair argument to the appellant's prejudice by introducing aggravating evidence in a non-capital case.

Ground 3:   Cumulative error.

(Dkt. # 1). In response to the petition, Respondent argues that Petitioner's first claim is a matter of state law not subject to federal habeas corpus review, his second claim is not constitutionally cognizable, and his third claim lacks merit. See Dkt. # 8.

*ANALYSIS*

**A. Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B. Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state

convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). In this case, the OCCA adjudicated each of Petitioner's claims on direct appeal. Therefore, to the extent Petitioner's claims are cognizable in a federal habeas corpus proceeding, those claims shall be reviewed pursuant to § 2254(d).

### *1. Challenge to jury instructions (ground 1)*

As his first ground of error, Petitioner asserts that the trial court erred by submitting an alternative theory of guilt that was legally infirm. Petitioner contends, as he did on direct appeal, that the trial court erred in giving the jury an instruction on both actual and constructive possession. See Dkt. # 1. On direct appeal, Petitioner argued that the trial court instructed in the disjunctive, that Mr. Hill either actually possessed the drugs or alternatively that he constructively possessed them. See Dkt. # 8, Ex. 1. According to Petitioner, the instruction was "a total departure from Oklahoma law which requires the Court to instruct on one or the other alternative but not both." Id. The OCCA rejected Petitioner's claim, finding as follows:

> . . . we find the trial court did not abuse its discretion in giving Instruction No. 21, OUJI-CR (2d) 6-11. *See Omalza v. State*, 911 P.2d 286, 303 (Okl.Cr.1995). The

4

> instruction is a correct statement of the law of possession. *See Staples v. State*, 528 P.2d 1131 (Okl.Cr.1974). Further, it was appropriate to give the entire instruction, as the State's evidence was susceptible to different interpretations.

See Dkt. # 8, Ex. 3.

A habeas corpus petitioner "bears a 'great burden . . . when [he] seeks to collaterally attack a state court judgment based on an erroneous jury instruction.'" Lujan v. Tansy, 2 F.3d 1031, 1035 (10th Cir. 1993) (quoting Hunter v. New Mexico, 916 F.2d 595, 598 (10th Cir. 1990)). Federal habeas corpus relief is not available for alleged errors of state law, and, when an allegedly erroneous instruction is given, this Court examines only "'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" Estelle v. McGuire, 502 U.S. 62, 72 (1991) (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)). Moreover, it is well established that "'[h]abeas proceedings may not be used to set aside a state conviction on the basis of erroneous jury instructions unless the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense.'" Shafer v. Stratton, 906 F.2d 506, 508 (10th Cir. 1990) (quoting Brinlee v. Crisp, 608 F.2d 839, 854 (10th Cir. 1979)). When determining whether a jury instruction has rendered a trial fundamentally unfair, the question is not "whether the [challenged] instruction is undesirable, erroneous, or even universally condemned, but whether the instruction so infected the trial that the resulting conviction violates due process." Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (internal quotations omitted).

The OCCA determined that the jury instruction challenged by Petitioner was a correct statement of Oklahoma's law of possession. This Court is bound by the OCCA's interpretation of Oklahoma law. See Parker v. Scott, 394 F.3d 1302, 1319 (10th Cir. 2005). In addition, the Court has reviewed the trial transcripts and finds that the allegedly erroneous jury instruction did not have the

effect of rendering Petitioner's trial so fundamentally unfair as to result in a denial of due process. Petitioner is not entitled to habeas corpus relief on this ground.

### 2. *Sentencing stage error (ground 2)*

As his second proposition of error, Petitioner complains that during the second stage sentencing proceeding the prosecutor exceeded the bounds of fair argument to his prejudice by introducing aggravating evidence in a non-capital case. See Dkt. # 1. Petitioner testified in his own defense during the guilt/innocence stage and admitted he had four (4) prior felony convictions. See Dkt. # 9, Tr. Trans. Vol. II at 268. As a result, his attorneys argued that a second stage proceeding was not necessary since his admissions established the maximum enhancement. Id. at 281-289. The trial court denied the request, id. at 289, and proceeded to admit all seven (7) of Petitioner's prior felony convictions during a second stage proceeding. Id. at 352. As a result, Petitioner now complains as he did on direct appeal that the prosecutor improperly insisted upon admitting of all of Petitioner's prior felony convictions and that the trial court improperly allowed into evidence more prior felony convictions than the four (4) prior felonies that he had already admitted during the guilt/innocence stage. On direct appeal, Petitioner argued that because of the improperly admitted evidence, his sentence should be modified to six (6) years, the minimum sentence provided under Oklahoma law. The OCCA rejected this claim, finding that:

> . . . we find all of Appellant's prior convictions were properly admitted during the second stage of trial. *See* 22 O.S.2001, § 860.1. *See also Williams v. State* 22 P.3d 702, 724 (Okl.Cr.2001). That prior convictions may be considered as evidence in aggravation or evidence which may increase punishment is for the jury's determination. *See Daniels v. State*, 554 P.2d 88 (Okl.Cr.1976). A jury could also consider evidence of prior convictions mitigating based upon the nature of the prior convictions.  Here, Appellant was sentenced to only six years above the minimum statutory punishment despite having seven prior convictions. The jury must have taken into consideration that the most recent of the prior convictions were for non-violent offenses, and that the most violent -- a robbery conviction -- was more than

> 15 years old. The punishment in this case was not excessive and modification is not warranted. *See Bartell v. State*, 881 P.2d 92, 101 (Okl.Cr.1994).

(Dkt. # 8, Ex. 3).

To the extent Petitioner's claim is premised on prosecutorial misconduct, the Court finds he is not entitled to relief. Habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. Donnelly v. DeChristoforo, 416 U.S. 637, 642-648 (1974); Cummings v. Evans, 161 F.3d 610, 618 (10th Cir.1998). Inquiry into the fundamental fairness of a trial requires examination of the entire proceedings. Donnelly, 416 U.S. at 643. "To view the prosecutor's [conduct] in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's [conduct] plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999).

After reviewing the entire trial transcript, this Court finds that the OCCA's rejection of this claim was not an unreasonable application of constitutional law. The conduct complained of by Petitioner occurred during the second stage sentencing proceeding. As noted by the OCCA, the jury recommended a sentence only six years above the minimum statutory punishment despite the properly admitted evidence demonstrating that he had seven prior convictions. Upon review of the entire proceedings, this Court is convinced that Petitioner's trial, including the sentencing stage, was not fundamentally unfair. Admission of the evidence of Petitioner's prior convictions, even if improper, was not significant enough to seriously impact the jury's recommendation. See Moore v. Reynolds, 153 F.3d 1086, 1113 (10th Cir. 1998).

To the extent Petitioner complains that he was prejudiced as a result of trial court error in

admitting the evidence of prior convictions, the Court finds he is not entitled to habeas corpus relief. It is well established that it is not the role of a federal habeas corpus court to correct errors of state law. Estelle v. McGuire, 502 U.S. 62 (1991). Whether the interpretation and application by the Oklahoma courts of its sentencing statutes is correct or not is a matter of state law that is not actionable in a habeas proceeding. See Bond v. State of Oklahoma, 546 F.2d 1369 (10th Cir. 1976). Furthermore, this Court will not disturb a state court's evidentiary ruling on due process grounds unless the error was "so unduly prejudicial that it renders the trial fundamentally unfair." Payne v. Tennessee, 501 U.S. 808, 825 (1991); Fox v. Ward, 200 F.3d 1286, 1296-97 (10th Cir. 2000) (error must be "so grossly prejudicial [that it] fatally infected the trial and denied the fundamental fairness that is the essence of due process"). The Court concludes that Petitioner has not demonstrated that the trial court's decision to admit evidence of his seven (7) prior felony convictions during a second stage proceeding rendered his trial fundamentally unfair. Habeas relief shall be denied on this issue.

### 3. Cumulative error (ground 3)

As his third proposition of error, Petitioner alleges that the cumulative effect of all errors deprived him of a fair trial. The OCCA rejected this claim on direct appeal, citing Ashinsky v. State, 780 P.2d 201, 209 (Okla. Crim. App. 1989), and finding that "Appellant was not denied a fair trial by cumulative error." (Dkt. # 8, Ex. 3).

The Tenth Circuit Court of Appeals has repeatedly held that cumulative error analysis is applicable only where there are two or more actual errors. Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors is not part of the analysis. Le v. Mullin, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing United States v. Rivera, 900 F.2d 1462, 1471 (10th Cir. 1990)). Having rejected each of Petitioner's claims, the Court finds no basis for a cumulative error analysis.

The OCCA's resolution of Petitioner's cumulative error claim was not an unreasonable application of federal law.  Petitioner is not entitled to relief on this ground.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States.  His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The Attorney General of the State of Oklahoma is not a proper party and is **dismissed** as a party Respondent.

2. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

3. A separate Judgment shall be entered in this case.

DATED THIS 8th day of April, 2008.

_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE